UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROGER HULL, | 3:15-cv-0348-RCJ-VPC |
| Plaintiff, | |
| v. | **ORDER** |
| ROMEO ARANAS, et al., | |
| Defendants. | |

Before the court is the motion of plaintiff Roger Hunt ("plaintiff") for sanctions for retaliation against plaintiff (ECF No. 16). Defendants Isidro Baca, Daren Baker, Gene Beitler, James Gaida, Shannon Moyle, Eugene Murguia, Benjamin Murphy, Kathryn Reynolds, and Holly Skulstad ("defendants") opposed (ECF No. 19)[1], and plaintiff's replied (ECF No. 20). For the reasons stated herein, plaintiff's motion is denied.

**I.    Procedural History**

The court issued a screening order concerning plaintiff's complaint on January 26, 2016, (ECF No. 6). As plaintiff correctly notes, the basis of his underlying complaint is that defendants have excessively lit his dorm unit twenty-four hours a day, which causes plaintiff migraines, burning eyes, seeing spots, and frequent headaches. *Id.* The court allowed Counts III, IV, and V, alleging violations of plaintiff's conditions of confinement, to proceed. *Id.* An inmate early mediation conference was held May 10, 2015 (ECF No. 13). The case did not settle, and so the case returned to the standard civil litigation track for Section 1983 inmate litigation (ECF No. 15).

Plaintiff filed the present motion for sanctions shortly thereafter, and he also filed a motion for preliminary injunction (ECF No. 17), which is not the subject of this order. The gist of plaintiff's motion for sanctions is that following the unsuccessful mediation, defendants Baca

---

[1] Defendants' counsel is advised that the Court will not accept papers styled as "omnibus." Notwithstanding that plaintiff's motion for sanctions may include similar fact or legal issues, it is defendants' counsel's obligation to file separate opposing points and authorities. Otherwise, confusion may result on the docket.

and Moyle retaliated against him by installing six more red lights in Units 10A and 10B at Northern Nevada Correctional Center where plaintiff resides.

## II.     Discussion and Analysis

Plaintiff offers no legal basis for the filing of his motion for sanctions.  Rather, the motion is simply a continuation of plaintiff's claim that the constant illumination in his unit is a violation of his conditions of confinement.  That claim is already before the court, and despite the fact that the problem persists – at least in plaintiff's view – this is not a basis for an award of sanctions, monetary or otherwise.  Defendants respond that no additional lighting was installed; instead, new bulbs were installed in Unit 10 on June 2, 2016 pursuant to Operational Procedure 710 (ECF No. 19; Exhs. A, B, C, & D).

## III.    Conclusion

Based on the foregoing, plaintiff's motion for sanctions (ECF No. 16) is **DENIED.**

**IT IS SO ORDERED**.

**DATED**: August 25, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**